## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS ELVIN CULMSEE,
*Appellant.*

(DA 336358-8701; CA A45082)

754 P2d 11

Philip A. Lewis, Portland, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

WARDEN, P. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

**WARDEN, P. J.**

Defendant appeals from a judgment of conviction for public indecency. He assigns error to the trial court's denial of his motion for a judgment of acquittal. We reverse.

In January, 1987, at approximately 7:00 p.m., police officers Winn and Keller were instructed by another officer to follow a car that had "picked up * * * what [the officer] suspected was a prostitute." The officers followed defendant's car until it drove into a private driveway or loading dock area next to an old house that had been converted into a business establishment. Defendant's car was parked approximately eight feet in from the sidewalk. The officers could see the car from the sidewalk and, inside it, the shape of the upper portion of one person, sitting in the driver's seat, but they could not see any sexual act being performed. The officers then walked onto the property and peered into defendant's car. It was then that they observed defendant and his companion engaged in a sexual act, which defendant concedes could not lawfully be performed in a public place. The officers made their presence known, identified themselves by showing their badges and ordered defendant and his female companion out of the car. Defendant was charged with both prostitution and public indecency but was acquitted of the prostitution charge.

The complaint under which defendant was convicted provides:

"The said defendant, on or about January 24, 1987, in the County of Multnomah, State of Oregon, did unlawfully and knowingly perform an act of deviate sexual intercourse while in view of a public place * * *."

The statute under which the charge was brought, ORS 163.465, provides:

"A person commits the crime of public indecency if while in, or in view of, a public place the person performs:

"(a) An act of sexual intercourse; or

"(b) An act of deviate sexual intercourse; or

"(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person."

A necessary element of public indecency is that the crime be

committed while the person committing it is *in* or *in view of* a public place. ORS 163.465(1). The state introduced no evidence that the driveway was a "public place," *see* ORS 161.015(9), or that defendant's conduct could be observed from a public place. From the sidewalk, all that the officers could see was the upper part of defendant's body. It was only after the officers left the sidewalk, entered the driveway and stood beside defendant's vehicle that they were able to observe the sexual act. It was not performed in a public place or in view of a public place. The state argues that our application of the statute in this case would make lawful such sexual conduct on the Capitol steps, provided that the details of the parties' connection were discreetly shielded from public view by raincoats or otherwise. The state is wrong. The steps of the Capitol is a public place.

We conclude that the trial court erred in denying the motion for a judgment of acquittal.

Reversed.